**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN WELL CORP., <br><br> Plaintiff <br><br> v. <br><br> TELADOC, INC., <br><br> Defendant. | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

American Well Corporation ("American Well") brings this complaint for patent infringement against Teladoc, Inc. ("Teladoc" or "Defendant") and alleges as follows:

1.     For close to a decade, American Well has led the market in the conceptualization, development, and mass rollout of novel technologies and innovative telehealth services that are designed to enhance the delivery of excellent healthcare services to patients in full compliance with all state medical board standards. American Well's patented technologies power the most downloaded mobile telehealth application of its kind in the United States, and the company's service was the first ever to receive accreditation by the American Telemedicine Association. Today, American Well's technology brings telehealth to millions of Americans via a national client and partner network spanning the country's leading

1

national and regional health plans, the largest and most innovative hospital systems, hundreds of top employers, and the nation's leading health benefit brokers.

2. American Well's novel technologies were created to extend the reach of healthcare beyond its brick and mortar facilities into the daily lives of patients, consumers, and clinicians. As such, it offers diverse solutions that not only allow Americans to receive live urgent care within minutes, but also provides physicians, practices and hospital systems with transformative technology to better and more efficiently follow up and care for their own, often chronically ill, patients. The creation of these new technologies has required a very substantial investment in research and development for years before the now widespread adoption of telehealth.

3. American Well's novel telehealth platform has attracted significant attention from the media, as well as from industry leaders outside of medicine. For example, Apple's CEO Tim Cook mentioned American Well's product offering in his earnings call to analysts when discussing Apple's new HealthKit earlier this year. In the last two months, American Well has been covered by Forbes (calling the company a "key player in telemedicine" and noting that "American Well provides telehealth kiosks and software to most of the nation's health plans, leading hospitals . . . and major employers"), Politico (reporting that "[t]he online application, believed to be the first of its kind, lets doctors schedule and conduct online visits

with patients . . . ."), Wired, and NPR. American Well was recognized in 2014 by independent analyst firm Frost and Sullivan as "Telehealth Company of the Year," outstripping every competitor in every comparison category.

4. American Well has invested significant resources and efforts in researching and developing the novel technologies used in its telehealth system. As a result of these efforts, American Well has created a substantial intellectual property portfolio, including 26 United States patents with 25 additional patent applications pending. American Well's issued patents include the 8,600,773 patent titled "Tracking the availability of service providers across multiple platforms," the 8,510,130 patent titled "Documenting remote engagements," and the 8,719,047 patent titled "Patient directed integration of remotely stored medical information with a brokerage system." All of these and other patents in American Well's portfolio, as their titles suggest, are inventions directed at important components in a telehealth system.

5. At issue in this case is American Well's 7,590,550 patent ("the '550 patent"), which is titled "Connecting consumers with service providers," which is infringed by the Teladoc telehealth service offering ("the Teladoc System").

6. For example, claim 10 of the '550 patent describes a computer-implemented method comprising "accessing a ***data repository*** that stores information pertaining to medical service providers, ***including present availability***

*of the medical service providers* for participating in a consultation; receiving in a computer, *indications that members of a pool of medical service providers have become presently available*; receiving in the computer, a *request from a consumer of services to consult with a medical service provider*; identifying in the computer, *an available member of the pool*; and *establishing a real-time communication channel* between the consumer of services and the identified member of the pool." '550 Pat. Cl. 10.

7. Each of these elements are found in the Teladoc System. Teledoc publicly describes the Teladoc System as using an "*enterprise data store*" (Teladoc S-1 SEC Filing of May 29, 2015 at 97, *available at* www.sec.gov/Archives/edgar/data/1477449/000104746915005109/a2224910zs-1.htm, hereinafter "SEC Filing," and attached as Exhibit 1), that the Teladoc System monitors "*Providers' capacity*" (*id.* at 93), that the Teladoc System is used in "*managing custom visit queues that automatically and instantly route available visits to appropriate Providers based upon proprietary algorithms*" (*id.* at 96), that the system "*dynamically and efficiently match[es] consumer demand and physician availability in real-time*" (*id.* at 88), and that the Teladoc System allows a consumer and a provider to "*conduct a visit (via video or phone)*" (*id.* at 33).

8. The Teladoc System relies on American Well's patented technology; however, Teladoc is not authorized to practice any of American Well's patent claims.

9. Teladoc is well aware that it has been engaging in and continues to engage in the unauthorized practice of American Well's patented inventions.

10. Although Teladoc publicly states, "we do not believe our business is dependent to a material degree on trademarks, *patents*, copyrights or trade secrets," (SEC Filing at 109), Teladoc recently sought to obtain a license to American Well's patents. American Well rejected Teladoc's request. However, Teladoc has chosen to continue making, using, offering to sell, and/or selling the Teladoc System.

11. Moreover, in March of this year, Teladoc filed a request for the Patent Trial and Appeals Board ("PTAB") to conduct an *inter partes* review (IPR) of four claims within American Well's '550 patent. The PTAB has not decided whether to institute the *inter partes* review and American Well has not yet had the opportunity to respond. American Well believes that Teladoc's limited attack on four claims will not be successful. Teladoc's filing of the IPR request, however, shows that it was aware of American Well's '550 patent before March 2015 and that Teladoc was concerned that it infringed the '550 patent. Meanwhile, Teladoc has chosen to continue making, using, offering to sell, and/or selling the Teladoc System.

12. Teladoc competes with American Well and American Well has not licensed its patents to any competitor.

13. As shown by the above actions, Teladoc's past and continuing patent infringement has been willful.

14. In this suit, American Well seeks to enjoin Teladoc from operating the Teladoc System, and to recover its damages, including treble damages because Teladoc is a willful infringer (*see* 35 U.S.C. § 284), and an award of American Well's legal fees and costs associated with bringing this action (*see* 35 U.S.C. § 285).

## THE PARTIES

15. Plaintiff American Well Corporation is a Delaware corporation having a principal place of business at 75 State Street, 26th Floor, Boston, MA, 02109.

16. Defendant Teladoc, Inc. is a Delaware corporation and has a principal place of business at 2 Manhattanville Rd., Purchase, NY, 10577.

## JURISDICTION AND VENUE

17. This action for patent infringement arises under the laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 1 *et seq*.

18. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

19. This Court has personal jurisdiction over Teladoc. Teladoc solicits customers in this District to purchase its service. Teladoc has transacted and continues to transact business within this District.

20. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

### TELADOC'S INFRINGEMENT

21. As set forth in Count I, Teladoc has infringed and continues to infringe claims in the '550 patent by practicing those claims in the Teladoc System without license from American Well.

22. Teladoc's infringement is willful and deliberate. Teladoc has known of the '550 patent since at least early 2015, and likely much earlier. The application for the '550 patent was filed on June 15, 2007 and was published on March 13, 2008. The patent issued on September 15, 2009. Despite this knowledge, Teladoc has chosen to practice illicitly the claims in the '550 patent.

### COUNT I

### INFRINGEMENT OF THE '550 PATENT

23. American Well hereby incorporates by reference its allegations contained in paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24. American Well is the assignee of the '550 patent and is the owner of all right, title, and interest in the '550 patent, entitled "Connecting consumers with service providers," duly and properly issued by the U.S. Patent and Trademark Office on September 15, 2009.

25. A true and correct copy of the '550 patent is attached hereto as Exhibit 2.

26. The Defendant has directly infringed and continues to infringe, either literally or by equivalents, the '550 patent, by making, using, offering to sell or selling in the United States, or importing into the United States, products that are covered by at least claims 10, 11, 23, and 30 of the '550 patent, including, by way of example and not limitation, the Teladoc System.

27. As a result of Teladoc's infringement of the '550 patent, American Well has suffered and will continue to suffer damage.

28. American Well and Teladoc compete in the telehealth market, and Teladoc's continued infringement of American Well's patent rights will irreparably harm American Well.

**PRAYER FOR RELIEF**

WHEREFORE, American Well prays for relief as follows:

A. For a judgment declaring that the Defendant has infringed the '550 patent;

B.	For a grant of an injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement;

C.	For a judgment awarding American Well compensatory damages as a result of the Defendant's infringement of the '550 patent, together with interest and costs, and in no event less than a reasonable royalty;

D.	For a judgment declaring that the Defendant's infringement of the '550 patent has been willful and deliberate;

E.	 For a judgment awarding American Well treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of the Defendant's willful and deliberate infringement of the '550 patent;

F.	For a judgment declaring that this case is exceptional and awarding American Well its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. §§ 284-285 and Rule 54(d) of the Federal Rules of Civil Procedure;

G.	For such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

American Well hereby demands a trial by jury in this action.

Respectfully submitted,

By:     */s/ Christopher R. Dillon*
Christopher R. Dillon (MA BBO 640896)
Kevin J. DeJong (MA BBO 675471)
Jeffrey A. Shneidman (MA BBO 681612)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA  02210-1878
(617) 542-5070
cwd@fr.com
dejong@fr.com
shneidman@fr.com
*Counsel for Plaintiff American Well Corp.*

Dated: June 8, 2015