# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

AMERICAN WELL CORP.,

        Plaintiff

v.

TELADOC, INC.,

        Defendant.

Civil Action No. 1:15-cv-12274-IT

**JURY TRIAL DEMANDED**

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

A Scheduling Conference in this patent infringement case is to be held on October 14, 2015.  The parties have conferred and disagree on one issue.  Plaintiff American Well Corp. ("American Well") requests that the Court defer any ruling on Teladoc's pending motion to dismiss (Dkt. 13) and motion to strike (Dkt. 23) until the conclusion of an *inter partes* review (IPR) currently pending in the U.S. Patent & Trademark Office for the one patent at issue in this case.  Defendant Teladoc, Inc. ("Teladoc") requests that the Court rule now on its pending motions.   American Well believes that the entire case should be stayed during the pendency of the IPR, except for limited discovery.  Teladoc proposes that the Court defer setting a schedule for the Action until after deciding the motions.  The parties respectfully submit this Joint Statement pursuant to the Court's Notice of Scheduling Conference.

## A.     BACKGROUND

Plaintiff American Well asserts that Teladoc willfully infringes U.S. Patent No. 7,590,550.  American Well seeks damages, including trebles damages for Teladoc's willful infringement, as well as injunctive relief.  Teladoc has not yet answered American Well's allegations, instead filing a motion to dismiss.

## B.     PENDING MOTIONS

Teladoc filed a motion to dismiss (Dkt. 13.) on the grounds that the '550 patent is directed to patent-ineligible subject matter under 35 U.S.C. § 101.  Teladoc has also filed a related motion to strike (Dkt. 23) the Declaration of Dr. Schoenberg submitted by American Well in its opposition to the motion to dismiss.  Briefing is complete and the parties are prepared to argue these Motions during the October 14 Scheduling Conference.

## C.     *INTER PARTES* REVIEW

On March 25, 2015, Teladoc, Inc. filed a petition with the United States Patent & Trademark Office ("PTO") requesting *inter partes* review of claims 10, 11, 23, and 30 of American Well's '550 patent.  On September 14, 2015, the Patent Trial and Appeal Board ("PTAB") of the PTO issued a decision that it would institute an *inter partes* review of the '550 patent.  The PTAB issued a scheduling order for the parties to submit further briefing, discovery, and oral argument.  The PTAB has one year from the date of the decision to institute to issue a final written decision; thus, the deadline for the PTAB's final written decision is September 14, 2016.

## D.     STAY OF THE LITIGATION

### 1.     American Well's Position

#### a.  *American Well's Position on a Stay*

As explained in American Well's opposition brief (Dkt. D18), Teladoc's motion should be denied because there are underlying claim construction and factual disputes that cannot be resolved on the pleadings.  In addition, the Court should defer ruling on the motion to dismiss until the PTO issues a final written decision on the IPR.

**First**, any decision on the motion to dismiss is premature until the scope of the claims are established through the IPR process.  American Well has the opportunity to amend and/or add patent claims during the course of the IPR examination process.  *See* 35 U.S.C. 316(d); 37 C.F.R. §42.121.  Thus, the scope of the claims of the '550 patent following the PTO's *inter partes* examination may not be the same as the claims that are implicated in Teladoc's motion to dismiss.

**Second**, the IPR process will involve claim construction of the same terms that are implicated in Teladoc's motion to dismiss, including "presently available."  The parties will propose constructions for key terms, and the PTAB's final written decision will include a decision as to claim construction.  Teladoc's motion to dismiss implicates claim construction, and it would be premature for the Court to decide the motion before considering the PTAB's claim constructions.

**Third**, if the Court were to grant Teladoc's motion to dismiss before the PTAB issues a final written decision on the IPR, the Court's decision would ***not*** terminate the pending IPR, as Teladoc suggests.  The PTAB will not terminate an IPR until all appeals of the district court action are exhausted, *see Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330 (Fed. Cir. 2013) (explaining that the PTO continued a pending reexamination even after the district court decided on validity and proceeded to a jury trial on damages);

35 U.S.C. § 317 (allowing termination of an IPR in limited circumstances), which could not occur here before September 2016.

**Fourth**, both the IPR and Teladoc's motion to dismiss only implicate four of the thirty claims of the '550 patent.  As explained in American Well's opposition, the Court should deny Teladoc's motion because it ignores 26 of the 30 claims.  (Dkt. 18 at 19.)  Any decision by the Court with respect to those four claims would not terminate this litigation.

### b.  American Well's Proposed Schedule

American Well believes that it would be inefficient for the parties and the Court to proceed with a normal pre-trial schedule in light of the pending IPR.[1]  American Well believes that this case should generally be stayed during the pendency of the IPR, except for a limited exchange of documents and contentions, which will position the case to move quickly upon the completion of the IPR.  Therefore, pursuant to the Court's Notice of Scheduling Conference (Dkt. 21), American Well has proposed a schedule to move the case forward while the IPR is pending.  Teladoc has not proposed an alternative schedule, and instead asks the Court to defer setting a schedule until after the Court rules on the pending motions.[2]

---

[1]  American Well did not reverse course with respect to a stay, as Teladoc suggests.  On September 29, 2015, American Well agreed that all issues other than the pending motions be stayed pending resolution of those motions.  The parties then continued discussions regarding whether a decision on the motions themselves should be stayed.

[2] American Well provided Teladoc with a proposed schedule on October 2, 2015.  American Well reasonably believed, based on a meet and confer, that Teladoc had agreed to the proposed schedule, but disagreed on whether the Court should first rule on Teladoc's pending motions.  On October 7, 2015, Teladoc informed American Well that it does not agree to American Well's proposed schedule, and did not propose any alternative schedule.

American Well proposes the following schedule to allow the case to move forward with limited discovery.

| Item | Deadline |
|---|---|
| Initial Disclosures Required by Federal Rule 26(a)(1) and per the Court's Scheduling Order (Dkt. 21 at p. 2) | April 29, 2016 |
| Preliminary Document Production: Teladoc (technical documentation of accused system); American Well (invention, conception and reduction to practice files) | May 27, 2016 |
| Preliminary Infringement Contentions (in accordance with LR 16.6, Appendix E) | June 24, 2016 |
| Preliminary Invalidity Contentions (in accordance with LR 16.6, Appendix E) | August 26, 2016 |

American Well also proposes that the parties submit a joint status report to the Court on September 28, 2016, after the September 14, 2016 deadline for the PTAB to issue a final written decision on the pending IPR.  At that time, the parties would provide the Court with a proposed schedule for the remainder of the case and any additional information required by Fed. R. Civ. P. 16(b) and Local Rule 16.1.

**2.     Teladoc's Position on a Stay**

In the IPR, the PTAB will not decide the issue of whether the asserted claims of the '550 patent are directed to patent-ineligible subject matter under 35 U.S.C. § 101. Rather, this is a threshold issue which can only be decided by this Court.  If the Court grant's the Motion, the Court's decision will not only resolve this litigation, but may also terminate the IPR if the decision becomes final.  Thus, Teladoc believes that the Court

should decide the Motion now since it could save substantial judicial resources, as well as the resources of the parties.

Moreover, the Motion is ripe for decision, since all briefing has been completed and the parties are prepared to argue the Motion during the October 14 Scheduling Conference.  Further, Teladoc proposes that the Court defer setting a schedule for this Action until after it decides the Motion.[3]  At that point, the parties and the Court will have the benefit of the ruling on the Motion as well as further proceedings in the IPR in order to properly set a schedule for the Action.

As to American Well's position on a stay, the standard for claim construction in the PTAB is different from that in district court litigation.  Thus, any claim construction by the PTAB will not be binding on this Court.  In addition, it is exceedingly rare for the PTAB to permit a patent owner to amend the claims.  Finally, American Well, in its Complaint, has only asserted the same four patent claims against Teladoc that are also at issue in the IPR.  Thus, granting Teladoc's motion to dismiss will dispose of this Action as well as potentially the IPR.

E.    OTHER ISSUES

1.    Trial By Magistrate Judge

The parties do not consent to trial by Magistrate Judge.

2.    Settlement

On September 30, 2015, American Well sent Teladoc a written settlement proposal.  Teladoc's written response was sent on October 7, 2015.

---

[3] During the required meet and confer, counsel for American Well agreed that all issues in the Action should be stayed pending resolution of Teladoc's motion, but American Well has now reversed course.

**3.**      **Certifications**

The parties have separately filed certifications required by Local Rule 16.1(d)(3).


Dated:  October 7, 2015

Respectfully submitted,


By: */s/ Christopher R. Dillon*                         By: */s/ Michael V. Solomita*
Christopher R. Dillon (BBO # 640896)        Paul W. Garrity (admitted *pro hac vice*)
Kevin J. DeJong (BBO # 675471)                   pgarrity@sheppardmullin.com
Jeffrey A. Shneidman (BBO #681612)          Michael V. Solomita (admitted *pro hac vice*)
FISH & RICHARDSON P.C.                             msolomita@sheppardmullin.com
One Marina Park Drive                                   Tyler E. Baker (admitted *pro hac vice*)
Boston, MA  02210-1878                                 tbaker@sheppardmullin.com
(617) 542-5070                                              SHEPPARD MULLIN RICHTER &
cwd@fr.com                                                   & HAMPTON LLP
dejong@fr.com                                               30 Rockefeller Plaza
shneidman@fr.com                                          New York, NY  10112-0015
*Counsel for Plaintiff American Well Corp.*   (212) 634-3067

                                                              Stephen C. Reilly (BBO #555371)
                                                               scr@sally-fitch.com
                                                              Ryan M. Cunningham (BBO #661440)
                                                               rmc@sally-fitch.com
                                                              SALLY & FITCH LLP
                                                              One Beacon Street
                                                              Boston, MA 02108
                                                              (617) 542-5542
                                                              *Counsel for Defendant Teladoc, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I, Christopher R. Dillon, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 7, 2015.


                                                              */s/ Christopher R. Dillon*